IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**RUSHAWN SMITH**                                                                 **PLAINTIFF**

**V.**                                                        **CAUSE NO.: 3:09CV668-DPJ-FKB**

**KOCH FOODS OF MISSISSIPPI, LLC.**                                  **DEFENDANT**

PLAINTIFF'S BRIEF IN SUPPORT OF RESPONSE
TO MOTION FOR SUMMARY JUDGMENT

COMES NOW Plaintiff and files this her Response to Defendant's Motion for Summary Judgment. In support thereof, Plaintiff would show as follows:

### I.   BACKGROUND FACTS

Plaintiff, Rushawn Smith, began her employment with Defendant in July 2006, as a night shift line worker. [Doc. 22-2 at p. 5]. Beginning in July 2008, Plaintiff began to be subjected to sexual harassment by her supervisor Larry Webster. *Id.* at p. 23. Specifically, Mr. Webster made three or four comments to the Plaintiff regarding her body and mentioned that he wanted to have sex with her. *Id.* This sexual harassment finally culminated in Mr. Webster requiring Plaintiff to watch a video of him masturbating. *Id.* at p. 23, 25.  Plaintiff informed Mr. Webster that she was not interested in seeing him masturbate because she was a lesbian, and Mr. Webster's response was that he always wanted to have sex with a lesbian. *Id.* at p. 25.  Plaintiff complained of the sexual harassment and what she perceived to be race discrimination to the plant manager Steve Hodges, night shift manager Larry Webster, former plan manager Brian Hanna, and her union steward. *Def. Mem.* at p. 15.  Shortly after making her initial complaints Ms. Smith was retaliated against by being moved to the coldest area of the plant to deter her from making further complaints. [Doc. 22-2 at p. 15].  After this did not

deter her complaints of discrimination and harassment the Defendant further retaliated against Plaintiff by terminating her on September 13, 2008. *Id.* at p. 29; *Def. Mem.* at p. 7.

## II.   STANDARDS FOR SUMMARY JUDGMENT

District courts may properly grant summary judgment only if, viewing the facts in the light most favorable to the non-movant, the movant shows that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Fed. R. Civ. P. 56(c).*

Summary judgment only shall be rendered when the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett.*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving party bears the burden of identifying the basis for its belief that there is an absence of a genuine issue for trial, and pointing out those portions of the record that demonstrate such an absence. *Id.* Once the movant has made this initial showing, the nonmoving party must present competent summary judgment evidence to show a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Such evidence consists of specific facts that show a genuine fact issue, such that a reasonable jury might return a verdict in the nonmoving party's favor. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). All evidence and the reasonable inferences to be drawn therefrom must be viewed in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654,

655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962).  But mere conclusory statements, speculation, and unsubstantiated assertions are insufficient to fend off a motion for summary judgment.  *Anderson*, 477 U.S. at 248-50; *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir.1996) (en banc); *Abbot v. Equity Group, Inc.*, 2 F.3d 613, 619 (5th Cir.1993).

### III. ARGUMENT

A. **PLAINTIFF'S COMPLAINTS ESTABLISH A CLAIM FOR SEXUAL HARASSMENT.**

A plaintiff alleging hostile work environment harassment must establish that (1) she belongs to a protected class; (2) she was subjected to unwelcome sexual harassment; (3) the harassment was based on sex; and (4) the harassment affected a term, condition or privilege of employment. *Septimus v. University of Houston*, 399 F.3d 601, 611 (5th Cir. 2005).  For sexual harassment to be actionable, "it must be sufficiently severe or pervasive 'to alter conditions of the victim's employment and create an abusive working environment.'" *Meritor Sav. Bank, FSB v. Vinson* 477 U.S. 57, 67 (1986) (internal citations omitted).  To determine whether an environment is "hostile" or "abusive", courts apply a totality of the circumstances test, considering such factors as frequency of the harassing conduct, its severity, whether it is physically threatening or humiliating or a mere offensive utterance, and whether it unreasonably interferes with the employee's work performance. *Id.; Harvill v. Westward Communications, LLC,* 433 F.3d 428, 434 (5th Cir. 2005); *EEOC v. WC&M Enterprises, Inc.,* 496 F.3d 393,399-400 (5th Cir. 2007).

Plaintiff clearly belongs to a protected class as she is a female.  Plaintiff has clearly alleged that she was subjected to unwelcome harassment that was based on sex.

This harassment affected the term, condition or privilege of employment by requiring her to be subjected to such harassment as part of her job while other males employees were not subjected to such harassment.

Defendant claims the alleged harassment could not be considered severe or pervasive enough to be actionable. First, Defendant improperly relies on *Shepherd v. Comptroller of Public Accounts,* 168 F.3d 871 (5th Cir. 1999) to support this argument. In *Shepherd* the Court only considered harassment to constitute a sexual hostile work environment if it was both "...severe **and** pervasive..." *Id.* at 874. (quoting *Weller v. Citation Oil & Gas Corp.,* 84 F.3d 191, 194 (5th Cir. 1994) (emphasis added)). However, the United States Supreme Court has long held that the harassment need be only "severe or pervasive." *Meritor Sav. Bank, FSB v. Vinson,* 477 U.S. 57, 67 (1986). The Court has since recognized this error in *Harvill v. Westward Communications, L.L.C.* 433 F.3d 428, 434-35 (5th Cir. 2005). As such, to rely on *Shepherd* on the issue of severe or pervasiveness as a comparator would be improper as it incorrectly set a higher standard than what is necessary to show that the harassment is actionable. Second, a clear review of the record will show that Ms. Smith's allegations are more likely in between the lesser harassment in *Farpella-Crosby v. Horizon Health Care*, 97 F.3d 803, 805 (5th Cir. 1996) and greater harassment in *Waltman v. International Paper Company*, 875 F.2d 468 (5th Cir. 1989), which in both cases the Fifth Circuit found to have provided sufficient evidence of a sexually hostile work environment. In the current case, Mr. Webster continually made comments to Ms. Smith regarding her body and her sexual activity with her girlfriend much like the *Farpella-Crosby* case. In addition, Mr. Webster urged Ms. Smith to have sex with him much like the supervisor in *Waltman* urged the plaintiff to

have sex with another co-worker. *Waltman*, 875 F.2d 470-471. In addition, Mr. Webster required Ms. Smith to watch a video of himself masturbating, which in and of itself should be severe enough to be actionable.

### B.     PLAINTIFF CONCEDES HER DISCRIMINATION CLAIMS

Plaintiff concedes that her claims for discrimination as it is arguable that Plaintiff cannot provide evidence of similarly situated individuals outside of her protected class that were treated differently. As such, the Plaintiff concedes this claim.

### C.     PLAINTIFF'S RETALIATION CLAIM SURVIVES SUMMARY JUDGMENT

#### 1. Plaintiff Can Show *Prima Facie* Case.

To establish a prima facie case of retaliation under Title VII, a plaintiff must show: (1) she engaged in protected activity; (2) action was taken by the employer against the plaintiff that a reasonable employee would consider materially adverse; and (3) a causal connection exists between the protected activity and the adverse action. *Burlington N. & Santa Fe. Ry. Co. v. White,* 548 U.S. 53, 126 S.Ct. 2405, 2415 (2006); *Davis v. Dallas Area Rapid Transit,* 383 F.3d 309, 319 (5th Cir. 2004); *Roberson v. Alltel Info. Sys.,* 373 F.3d 647, 655 (5th Cir. 2004).

In the current case, the Defendant does not dispute that Plaintiff engaged in protected activity or that her termination could be considered a materially adverse action. Instead, Defendant contends that placing Plaintiff in a colder section of its warehouse cannot be considered materially adverse to a reasonable person, and that Plaintiff cannot show causation because the individual that allegedly made the decision to terminate Plaintiff was not aware of her complaints. First, placing an employee in the coldest area of the plant could dissuade a reasonable worker from making further

complaints because it sends a clear signal to all workers that they should not complain of harassment and discrimination as they will face being placed in more severe working conditions.  This Court has recently found that being excluded from e-mails and meetings could be considered materially adverse to a reasonable person. *Brown v. Miss. Div. Of Medicaid*, 2010 WL 956166 *3 (S.D. Miss. March 11, 2010).  While these facts are not identical to *Brown*, Plaintiff contends they are similar in their severity.

Second, there is a dispute as to whether Ms. Crawford actually made the decision to terminate Plaintiff on her own.  Plaintiff has alleged that she had a meeting with Ms. Crawford and Mr. Hodges (who had knowledge of some of the complaints). [Doc. 22-2 at p. 32].  While the Defendant has claimed Ms. Crawford made the decision to terminate on her own, it has only provided biased testimony to prove such an allegation.  The standard established for such evidence in *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133 (2000), was applied by Judge Barksdale in *Bazan v. Hidalgo County*, 246 F.3d 481 (5th Cir. 2001):

> [A] "court should give credence to the evidence favoring the nonmovant as well as that evidence supporting the moving party that is uncontradicted and unimpeached, *at least to the extent that that evidence comes from disinterested witnesses.*"  *Reeves v. Sanderson Plumbing Prods, Inc.*, 530 U.S. 133, 151, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000) (emphasis added; internal quotation marks omitted). (Although the Court so stated in the context of a Rule 50 motion (judgment as a matter of law), it pointed out "the analogous context of summary judgment under Rule 56." *Id.* at 150, 120 S.Ct. 2097.)  In the case at hand, the evidence the Trooper claims is uncontradicted and unimpeached comes for the most part, if not exclusively, from an *interested witness* – – Trooper Vargas.  Cf.  *Abraham v. Raso*, 183 F.3d 279, 287 (3rd Cir. 1999) ("**Cases that turn crucially on the credibility of witnesses' testimony in particular should *not* be resolved on summary judgment**." (emphasis added)); *Gooden v. Howard County, Md.*, 954 F.2d 960, 971

> (4th Cir. 1992) (Phillips, J., dissenting) ("[B]ecause inevitably – – liability being disputed – – the officer's account will be favorable to himself, the credibility of that account is crucial.").

246 F.3d at 492. As such, merely providing testimony from an interested witness, such as, Ms. Crawford should not be sufficient evidence to show she made the decision on her own without knowledge of Plaintiff's complaints. A jury could reasonably infer that Ms. Crawford either made the decision in conjunction with Mr. Hodges, or that he made her aware of the complaints during their discussion of Ms. Smith, and that she has simply made up this alibi of being the sole decision maker without knowledge of the protected activity to cover up the Defendant's retaliatory motives. Moreover, knowledge of a protected activity may be imputed to the decision maker even if it is not explicit. *Long v. Eastfield College*, 88 F.3d 300, 306-7 (5th Cir. 1996) (employer cannot disclaim knowledge and avoid causation merely because the decision maker "rubber-stamped" recommendations of another supervisor); *Gordon v. New York City Bd. of Educ.,* 232 F.3d 111, 117(2nd Cir. 2000) (there can be retaliation even if an agent denies direct knowledge of plaintiff's protected activities, if "the jury finds that the circumstances evidence knowledge of implicit[ly] upon the order of a superior who has the requisite knowledge"); *David v. Caterpillar, Inc.,* 324 F.3d 851, 861 (7th Cir. 2003) ("retaliatory motive of a 'nondecisionmaker' may be imputed to the company where the 'nondecisionmaker' influenced the employment decision by concealing relevant information from, or feeding false information to, the ultimate decisionmaker"). Mr. Hodges was clearly brought into the meeting to investigate Plaintiff's alleged improper actions to provide his input regarding the matter, and a reasonable jury could infer that Ms. Crawford was merely rubber stamping her superior's recommendations.

## 2. Defendant Cannot Show A Legitimate Non-Retaliatory Reason.

After Plaintiff was terminated she applied for unemployment benefits with the Mississippi Department of Employment Security, which was originally denied. *See* MDES File, attached hereto as Exhibit "A." Plaintiff appealed the decision, and a hearing was held on February 5, 2009. *Id.* MDES eventually entered a ruling that found Defendant had failed to prove Plaintiff had been out of her work area and solely caused a altercation with another employee. *Id.* Defendant appealed this decision to the MDES Board of Review, which upheld the finding. *Id.* After this opinion the Defendant failed to further appeal the matter even though it had the opportunity to do so.

The doctrine of collateral estoppel precludes Defendant from relitigating the issues concerning the termination of Plaintiff's employment for causing an altercation with another employee outside of her work area because the issues were actually litigated in the MESC proceeding, and because applicable case law holds that the findings of an administrative judge have preclusive effect in Mississippi under the doctrine of collateral estoppel. *Astoria Federal S. & L. Assn. v. Solimino*, 501 U.S. 104, 107, 111 S. Ct. 2166, 2169, 115 L. Ed. 2d 96 (1991), *Cox v. DeSoto County, Miss.*, 564 F.3d 745 (5th Cir. 2009), *Stafford v. True Temper Sports*, 123 F.3d 291, 294 (5th Cir.1997), *Cayson v. Mart Systems, Inc.*, 2005 WL 1330895, *2 (N.D. Miss.), *Pryor v. Capital Security Inc.*, 1998 WL 433944, *2 (N.D. Miss.). It is undisputed that the MDES Administrative Law Judge found that Defendant's allegation that Plaintiff solely caused an altercation with another employee outside of her work area was not valid. It is undisputed that judicial review was available to Defendant, and that Defendant chose not to appeal the MDES decision. Therefore, the MDES findings are conclusive and have preclusive effect in this subsequent litigation. Accordingly, Defendant

is estopped from asserting within this litigation that it terminated Plaintiff's employment because she was out of her work area and solely caused an altercation with another employee.  *See Cox v. DeSoto County, Miss.*, 564 F.3d 745 (5th Cir. 2009); s*ee also Pryor v. Capital Security Inc.*, 1998 WL 433944, *2 (N.D. Miss.).

Although an employer's burden is only to articulate a legitimate non-discriminatory reason, there are some instances when an employer's proffered reason for discharge may be deemed insufficient.  As the Supreme Court stated in *St. Mary's Honor Center v. Hicks,* 509 U.S. 502, 511 (1993), if the employee has established a *prima facie* case but the employer fails to meet its burden of production, by failing "to introduce evidence, which taken as true, would permit the conclusion that there was a nondiscriminatory reason for the adverse action," then the plaintiff is entitled to judgment as a matter of law.  The Fifth Circuit has also concurred with this reasoning in *George v. Farmers Elec. Co-op, Inc.,* 715 F.2d 175, 177-8 (5th Cir. 1983).  As argued earlier, Plaintiff has clearly proffered a *prima facie* case of retaliation, and Defendant cannot proffer a legitimate non-discriminatory reason for terminating Plaintiff as it is collaterally estopped from proffering its alleged reason.  As such, summary judgment or judgment as a matter of law should be granted in Plaintiff's favor as to her retaliation claim.

In the alternative, if the Court declines to grant summary judgment in Plaintiff's favor, Plaintiff contends that while Defendant may argue its decision to terminate Plaintiff was not based on retaliation (since the MDES decision did not make a ruling as to whether the decision to terminate was based on retaliation), that the Defendant still should be collaterally estopped from claiming Plaintiff was terminated because she was out of her work area and solely caused an altercation with another employee. Finally,

even if Defendant is not collaterally estopped, Plaintiff has shown the reason proffered is prextextual as she has denied that she was out of her work area and did not solely cause the altercation. Moreover, the fact that both employees were engaged in the altercation, and only the Plaintiff was terminated shows that retaliation played the primary motivating factor in her termination.

## IV. CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that the Court deny the Defendant's Motion for Summary Judgment, except for the dismissal of the Plaintiff's race and national origin discrimination claims.

THIS, 13th day of October, 2010.

    Respectfully submitted,

    PLAINTIFF

    BY: /s Nick Norris
    NICK NORRIS
    MS BAR NO.: 101574

OF COUNSEL:

LOUIS H. WATSON, JR., P.A.
628 N. State Street
Jackson, MS 39202
Phone No.   (601) 968-0000
Fax No.   (601) 968-0010
nick@louiswatson.com
Brief in Support of Response to Motion for Summary Judgment.10-13-10.wpd

## **CERTIFICATE OF SERVICE**

I, Nick Norris, attorney for Plaintiff, do hereby certify that I have this day served a true and correct copy of the above and foregoing document via ECF filing or by United States Mail, postage prepaid, on the following:

>Abizer Zanzi, Esquire
>300 South Wacker Drive, Suite 3400
>Chicago, Illinois 60606
>az@franczek.com
>
>Stephen J. Carmody, Esquire
>Brunini, Grantham, Grower & Hewes, PLLC
>P.O. Drawer 119
>Jackson, Mississippi 39205
>scarmody@brunini.com

THIS, the 13th day of October, 2010.


 /s Nick Norris
NICK NORRIS