UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

RUSHAWN SMITH                                                                                              PLAINTIFF

V.                                                                    CIVIL ACTION NO. 3:09CV668 DPJ-FKB

KOCH FOODS OF MISSISSIPPI, LLC                                                            DEFENDANT

ORDER

This employment-discrimination case is before the Court on motion of Defendant Koch Foods of Mississippi, LLC for summary judgment pursuant to Federal Rule of Civil Procedure 56.  Plaintiff Rushawn Smith has responded in opposition.  The Court, having considered the memoranda and submissions of the parties, finds that Koch Foods' motion should be granted in part and denied in part as set forth herein.

I.    Facts and Procedural History

Rushawn Smith worked as a night shift line worker at Koch Foods' Forest, Mississippi plant.  Smith claims that her night shift manager, Larry Webster, sexually harassed her and that Koch Foods retaliated when Smith complained about the harassment and perceived race discrimination.

Smith avers Webster made inappropriate remarks and showed her a sexually explicit video.  The comments began in July 2008, when Webster became the night shift manager.  Smith Dep. at 84.  Smith testified that Webster made "three of four" inappropriate comments, including telling Smith that she was "fine" and that she had a "big ass."  Smith Dep. at 83, 86.  Smith ignored him.  *Id.* at 86.  In August 2008, Smith went to Webster's office to discuss job openings.  *Id.* at 90.  Webster asked Smith to come around behind his desk so he could show her something on his cell phone and played a video of himself masturbating.  *Id.* at 91.  Webster "started

laughing," and Smith told him she did not "want to see that" and that she was a lesbian. *Id.* at 91. Webster responded, "I've always wanted to be with a lesbian." *Id.* at 91. Smith left Webster's office and has not spoken to him since. *Id.* at 91.

Also in August, Smith complained to plant manager Steve Hodges about Webster's alleged harassment and what she perceived to be race discrimination in awarding promotions. Compl. ¶ 15. Koch Foods then moved Smith to what she considered "the coldest area of the plant." *Id.* ¶ 13. And on September 10, 2008, Koch Foods terminated Smith for engaging in a verbal altercation with a coworker, Kelly Fairchild. *Id.* ¶ 19. Koch Foods did not discharge or discipline Fairchild. *Id.* ¶ 21.

Believing that she had been subjected to sexual harassment and retaliation, Smith submitted a discrimination charge to the Equal Employment Opportunity Commission. After receiving notice of her right to sue, Smith filed suit in state court alleging sexual harassment resulting in a hostile work environment and retaliation in violation of Title VII. Koch Foods removed the case to this Court based on federal question jurisdiction, 28 U.S.C. § 1331. Koch Food's motion for summary judgment is fully briefed, personal and subject matter jurisdiction exist, and the Court is prepared to rule.

II.     Analysis

The parties are familiar with the standard applicable to motions for summary judgment, so the Court will move directly to the issue raised in Koch Foods' motion.

   A.     Sexual Harassment

Smith alleges that Webster's sexual harassment resulted in a hostile-work environment. The parties dispute whether the harassment affected a term, condition or privilege of Smith's

employment. Smith testified that Webster made suggestive remarks to her and, more importantly, showed her a video of him masturbating. The Court finds that there is a material fact question whether the alleged sexual harassment was sufficiently severe or pervasive. *See Stewart v. Miss. Transp. Com'n*, 586 F.3d 321, 330 (5th Cir. 2009); *Harvill v. Westward Commc'ns, LLC*, 433 F.3d 428, 434 (5th Cir. 2005).

B.   Retaliation

Next, Smith claims that Koch Foods retaliated against her for complaining about perceived race discrimination and Webster's harassment. To ultimately prevail on her retaliation claim, Smith must show that the employer's reason for the adverse employment action, while true, is "only one of the reasons for its conduct, and another 'motivating factor' is the plaintiff's protected [activity]." *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004); *see also Smith v. Xerox Corp.*, 602 F.3d 320 (5th Cir. 2010).

Whether Smith has presented a sufficient retaliation case is a close question. But because other portions of this cause will proceed to trial, the Court, out of caution, finds that Smith's claim should survive based on questions of fact regarding the prima facie case and whether retaliation was at least a motivating factor in the employment decision. If the evidence is lacking at trial, then Koch may revisit the issue on directed verdict.[1]

---

[1] The Court rejects Smith's estoppel argument related to the unemployment compensation ruling. *See Univ. of Tenn. v. Elliott*, 478 U.S. 788, 796 (1986) ("Congress did not intend unreviewed state administrative proceedings to have preclusive effect on Title VII claims."); *Cox v. DeSoto Cnty., Miss.*, 564 F.3d 745, 748–49 (5th Cir. 2009) ("The parties concede, under Supreme Court authority, that collateral estoppel does not apply to state administrative decisions where Congress has provided for a detailed administrative remedy such as that found in the Age Discrimination in Employment Act (ADEA).").

C.     Race and National Origin Discrimination

Smith concedes dismissal of her race and national origin discrimination claims.

D.     Punitive Damages

Koch Foods' motion to dismiss Smith's punitive damages claim hinges on dismissal of her harassment and retaliation claims.  As such, this portion of the motion is denied.

IV.    Conclusion

Having considered the parties' submissions, the Court finds that genuine issues of fact exist which preclude summary judgment as to Smith's sexual harassment and retaliation claims. Summary judgment is granted as to her race and national origin discrimination claims.  The parties are directed to contact Courtroom Deputy Shone Powell to schedule a pretrial conference and Magistrate Judge F. Keith Ball's chambers to schedule a settlement conference.

**SO ORDERED AND ADJUDGED** this the 13th day of June, 2011.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE